IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ALLAN BUTLER,** | : |
| **Plaintiff,** | : |
| vs. | : CIVIL ACTION 07-00037-CG-B |
| **R. ROBERTS,** | : |
| **Defendants.** | : |

## REPORT AND RECOMMENDATION

This action is before the Court on Defendant R. Roberts' Motion to Dismiss and Request for Stay (Doc. 35). In his motion, Defendant seeks the dismissal of this action. Defendant asserts that on September 2, 2009, he filed a Suggestion of Death, which advised that Plaintiff Allan Butler died on August 24, 2009. (Doc. 26). Subsequent thereto, Defendant filed a Notice of Service, which reflects that Priscilla Putsinovski and Robin Ramsey, who have been identified as Plaintiff's next of kin[1], were personally served with the Suggestion of Death on January 19, 2010, and January 20, 2010 respectively[2]. (Doc. 38).

Rule 25(a) of the Federal Rules of Civil Procedure sets forth the procedure to follow upon the death of a party to a lawsuit:

---

[1]The Department of Corrections' records list Robin Ramsey and Priscilla Putsinovski as Plaintiff's next of kin. (Doc. 35, Ex. 2).

[2]The Suggestion of death was previously served upon nonparties Ramsey and Putsinovski via certified mail, which is contrary to the requirements provided in Rule 25(a).

> (1) If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper party. The motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days afer service of a statement noting the death, the action by or against the decedent must be dismissed.
>
> ...
>
> (3) A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district.

Fed. R. Civ. P. 25(a)

In his Motion, Defendant argues that this action should be dismissed because no motion for substitution has been filed and more than ninety days have elapsed since the filing of the Suggestion of Death. "A clear reading of Rule 25(a)(1) reflects that a suggestion of death must be filed on the record in a case before the ninety-day period for filing a motion for substitution begins." Stanford v. Paulk, 2006 U.S. Dist. LEXIS 17512 (M.D. Ga. Apr. 7, 2006). The second requirement necessary to trigger the ninety-day clock is that the party filing the suggestion of death must serve other parties and nonparties. Id.

A review of the record in this case reflects that Defendant filed a Suggestion of Death on September 2, 2009, and that copies of the Suggestion of Death were personally served upon Plaintiff's next of kin on January19, 2010, and January 20, 2010 respectively.

(Doc. 38, Ex. 1). Thus, the ninety-day period set forth in Rule 25(a) was triggered on January 20, 2010. Although ninety days have elapsed since personal service of the Suggestion of Death, the record reflects that no request for substitution has been filed. Accordingly, pursuant to Rule 25(a), Defendant's Motion to Dismiss is due to be granted. It is so recommended.

The attached sheet contains important information regarding objections to this Report and Recommendation.

**DONE** this **21st** day of **April, 2010.**

                                    /S/ SONJA F. BIVINS
                              **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

1. **Objection**.  Any party who objects to this recommendation or anything in it must, within **fourteen** days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(c); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988); <u>Nettles v. Wainwright</u>, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[3] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.
>
> A magistrate judge's recommendation cannot be appealed to a

---

[3]The Court's Local rules are being amended to reflect the new computations of time as set out in the amendments to the Federal Rules of Practice and Procedure, effective December 1, 2009.

Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                          **/S/ SONJA F. BIVINS**
                                          **UNITED STATES MAGISTRATE JUDGE**